**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RECYCLING SOLUTIONS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. PWG-14-1062** |
| ) | |
| **ORRS' ENVIRONMENTAL, LLC,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses Plaintiff Recycling Solutions, Inc.'s (hereinafter "RSI") Motion for Entry of Default Judgment.  ECF No. 7.[1]  Defendants Orrs' Environmental, LLC and Debra Sanders have not filed a response and the deadline for a response elapsed on March 16, 2015.  *See* Loc. R. 105.2.a.  Having reviewed the filings, no hearing is deemed necessary.  *See* Loc. R. 105.6.  For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendations, RSI's Motion for Entry of Default Judgment be GRANTED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff RSI is a Delaware corporation with its principal place of business in Capitol Heights, Maryland.  RSI "is a waste and recycling equipment rental corporation."  Compl. ¶ 1. Defendant Orrs' Environmental, LLC (hereinafter "Orrs' Environmental") is a limited liability company existing under the laws of Alabama with its principal office located at 2317 Meridian Street, Huntsville, Alabama 35811.  *Id.* ¶ 2; ECF No. 7-3 at 2 (State of Alabama-Domestic Limited Liability Company Articles of Organization Guidelines for Orrs' Environmental, LLC).

---

[1] On May 5, 2015, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review a default judgment and/or make recommendations concerning damages.  ECF No. 8.

According to the Articles of Organization Orrs' Environmental is an environmental waste management consulting company.  The Articles of Organization lists Defendant Debra Sanders as the registered agent for Orrs' Environmental, as the initial member and organizer of Orrs' Environmental, and as the manager of Orrs' Environmental.  ECF No. 7-3 at 2.  Defendant Debra Sanders resides at 2317 Meridian Street, Huntsville, Alabama 35811.

For the purpose of determining diversity jurisdiction, a limited liability company is considered to be an "unincorporated association," whose citizenship is that of its members.  *Gen. Tech. Applications, Inc. v. Exro, Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004).  Defendant Orrs' Environmental is therefore deemed a citizen of Alabama.  Pursuant to 28 U.S.C. § 1332(c) Plaintiff RSI is deemed a citizen of Maryland.  The amount in controversy exceeds $75,000.00, excluding interest and costs.  28 U.S.C. § 1332(a).

On or about March 28, 2013 Orrs' Environmental executed a Lease Agreement with Option to Purchase (hereinafter "lease agreement") for a five (5) year period, commencing March 1, 2013 and ending February 28, 2018.[2]  RSI leased to Orrs' Environmental two (2) Marathon Digesters.[3]  Each Marathon Digester included a one (1) year supply of organisms and wood chips.  Defendant Debra Sanders, Operations Manager, signed the contract on behalf of Orrs' Environmental and Paul Bortnick, Chief Managing Officer, signed the contract on behalf of RSI.  *See* ECF No. 1-1 at 3; ECF No. 7-1 at 4.  As listed on the lease agreement Orrs' Environmental's address is a post office box in Vicksburg, Mississippi.

---

[2]  Venue is proper in this district pursuant to 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to RSI's claims occurred in Maryland.

[3]  "A Marathon Digester[] is an advanced type of waste disposal equipment.  This type of equipment contains an environmentally-friendly digestive system that is able to break down food waste into a liquid that can be safely flushed down the drain without negatively impacting sewer treatment facilities."  Compl. ¶ 6.

In accordance with the lease agreement, before RSI delivered the two Marathon Digesters, Orrs' Environmental paid for certain costs in advance (travel/training costs, freight and first and last months' lease payments).  After Orrs' Environmental made this payment, the two Marathon Digesters were delivered to the Federal Bureau of Prisons in Mendota, California.

Pursuant to the lease agreement Orrs' Environmental must pay RSI a monthly fee of $1,553.00 for the lease of the equipment.  RSI received  a payment from Orrs' Environmental for the month of April 2013.  No additional payments were made by Orrs' Environmental thereafter. RSI attempted to resolve the matter of non-payment without success.  Even after RSI retained counsel, no payment from Orrs' Environmental was forthcoming.

While pursuing non-payment RSI discovered information which revealed Orrs' Environmental sold the leased Marathon Digesters to the Federal Bureau of Prisons despite Paragraph 3 of Addendum A unequivocally stating "[e]quipment shall at all times during the term remain personal property, and title thereto shall remain in Lessor."  ECF No. 1-1 at 4; ECF No. 7-1 at 5.  During a phone call between RSI and a Federal Bureau of Prisons' representative, "the Federal Bureau of Prisons confirmed that it had purchased the subject [Marathon] Digesters through FedBid.  FedBid is an online marketplace which federal agencies use to procure various goods."  Compl. ¶ 9.

Paragraph 7 of Addendum A to the lease agreement contains an acceleration clause in the event of a default.  *See* ECF No. 1-1 at 5; ECF No. 7-1 at 6.[4]  RSI seeks full and final payment on the outstanding balance of the entire contract in the amount of $88,521.00 (Eighty-Eight

---

[4] "7.  **Events of Default-Acceleration.**  Any or all of the obligations of Lessee to Lessor, at the option of Lessor[,] shall be immediately due an[d] payable without notice or demand upon the occurrence of any of the following events of default.

a.  Non-payment, non-performance or breach of any of the . . . obligations or warranties contained in this Lease Agreement."

Thousand Five Hundred Twenty-One Dollars).[5]   This amount excludes interest on past due invoices.   RSI also seeks attorney's fees and legal expenses upon an event of a default in accordance with paragraph 8 of Addendum A.

On April 4, 2014 RSI initiated this action by filing a Complaint naming Orrs' Environmental and Debra Sanders as Defendants.   *See* ECF No. 1.   The Complaint lists five causes of action against the Defendants: (a) breach of contract, (b) fraudulent misrepresentation, (c) negligent misrepresentation, (d) unjust enrichment, and (e) conversion.   On August 1, 2014 a copy of the summons, civil cover sheet, complaint and lease agreement were served on Debra Sanders as a Defendant.   That same day a copy of the summons, civil cover sheet, complaint and lease agreement were served on Debra Sanders as the registered agent for Orrs' Environmental. *See* ECF Nos. 3-4.   Their answers were due August 22, 2014.   Neither Debra Sanders nor Orrs' Environmental filed an answer.

On September 22, 2014 RSI moved for a Clerk's entry of default for want of answer or other defense against the Defendants.   *See* ECF No. 5.   The following day, September 23, 2014, the Clerk's Entry of Default was docketed against the Defendants.   *See* ECF No. 6.

On February 27, 2015 RSI moved for default judgment.   *See* ECF No. 7.   No response in opposition was filed by the March 16, 2015 deadline.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments.   Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person."   Fed. R. Civ. P. 55(b)(1).

---

[5]   Orrs' Environmental agreed to make sixty (60) monthly payments of $1,553.00.   Prior to the delivery of the equipment, Orrs' Environmental paid the first and last months' lease payments.   Another payment was made in April 2013.   In electing the acceleration clause, RSI seeks payment for the remaining fifty-seven (57) months.

Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true under penalty of perjury whether the defendant is in military service.  50 U.S.C. app. § 521(b)(1) ("In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").[6]

Furthermore, to the best of RSI's knowledge, information, and belief, neither Orrs' Environmental nor Debra Sanders is a minor or an incompetent person.  *See* ECF No. 7-2 at 3 ¶ 6 (Affidavit in Support of Motion for Entry of Default Judgment); Fed. R. Civ. P. 55(b) ("enter judgment . . . against a defendant . . . who is neither a minor nor an incompetent person.").

The entry of default judgment is a matter within the discretion of the Court.  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).  As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'"  *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).  Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'"  *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

---

[6] "I hereby state that Defendant Debra Sanders is not in active service in the military service of the United States, nor within the military service of any nation allied with the United States, has not been ordered to report for induction under the Selective Service Act of 1940 as amended, and is not a member of the Enlisted Reserve Corps who has been ordered to report for military service.  Defendant Sander[s'] military status was confirmed with the Department of Defense Manpower Data Center and the certificate of non-military status is attached hereto."  ECF No. 5 at 8 ¶ 3 (Affidavit in Compliance with the Servicemembers Civil Relief Act (50 U.S.C. APP. § 501, ET SEQ)).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the

allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations.  First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494.  Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A.    Liability

Over ten months have elapsed since the Defendants were served with RSI's Complaint. The Defendants did not plead or otherwise assert a defense by filing an answer.  As a result, all of the factual allegations made in RSI's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.

RSI moved for a default judgment on February 27, 2015; Defendants Orrs' Environmental and Debra Sanders have not responded.  It is within the Court's discretion to grant default judgment when a defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  Accordingly, the Court should grant default judgment on RSI's Complaint if RSI establishes the liability of Defendants Orrs' Environmental and Debra Sanders.

That accepting as true RSI's well-pleaded factual allegations (with supporting documentation), the undersigned finds RSI has proven the following:

a.      Debra Sanders, on behalf of Orrs' Environmental, executed a Lease Agreement with Option to Purchase for a five year period commencing March 1, 2013 and ending February 28, 2018;

b.      Per the lease agreement RSI leased two Marathon Digesters to Orrs' Environmental;

c.      Prior to the delivery of the Marathon Digesters, Orrs' Environmental paid RSI the travel/training costs, freight costs, and the first and last months' lease payments;

d.      RSI delivered the two leased Marathon Digesters to the Federal Bureau of Prisons in Mendota, California as requested by Orrs' Environmental;

e.      In accordance with the lease agreement, Orrs' Environmental made a monthly payment of $1,553.00 in April 2013;

f.      Orrs' Environmental failed to make any additional monthly payments for the leased equipment as of May 2013;

g.      That Orrs' Environmental is in default for non-payment;

h.      The lease agreement includes an option to purchase.  "Lessee has option to purchase equipment at end of said lease term for $1.00."  ECF No. 1-1 at 2; ECF No. 7-1 at 3;

i.      Addendum A (Standard Conditions of Lease Agreement) delineates who has title to the leased Marathon Digesters.  "Equipment shall at all times during the term remain personal property, and the title thereto shall remain in Lessor.  Lessee, until an event of default, shall be entitled to possession."  ECF No. 1-1 at 4 (¶ 3); ECF No. 7-1 at 5 (¶ 3);

j.     That RSI has a solid basis for believing Orrs' Environmental sold the leased equipment to the Federal Bureau of Prisons.   This sale occurred even though Orrs' Environmental did not own the equipment;

k.     Addendum A (Standard Conditions of Lease Agreement) provides, at RSI's option, to accelerate the balance of payment upon Orrs' Environmental's default;

l.     In the five count Complaint RSI specifically alleges misconduct by Orrs' Environmental.   Counts II and III assert misconduct by Orr's Environmental "by and through Defendant Sanders."   The remaining three counts do not specifically reference Debra Sanders but RSI asks the court to hold her personally responsible by disregarding the corporate entity (Orrs' Environmental).   RSI notes Ms. Sanders is the sole member of Orrs' Environmental, she negotiated the terms of the lease agreement, and she signed the agreement on behalf of Orrs' Environmental;

m.     Piercing the corporate veil is an equitable action.   *Hildreth v. Tidewater Equip. Co*., 378 Md. 724, 735, 838 A.2d 1204, 1210 (2003).   Maryland law "has recognized the availability of an action to disregard a limited liability entity congruent with the equitable remedy of piercing the corporate veil."   *Serio v. Baystate Properties, LLC*, 209 Md. App. 545, 558-59, 60 A.3d 475, 483 (2013);

n.     When a plaintiff seeks to pierce the corporate veil of a defendant, the Maryland courts abide by the following:

> [T]he most frequently enunciated rule in Maryland is that although the courts will, in a proper case, disregard the corporate entity and deal with substance rather than form, as though a corporation did not exist . . . shareholders generally are not held individually liable for debts or obligations of a corporation except where it is necessary to prevent fraud or enforce a paramount equity.

*Bart Arconti & Sons v. Ames-Ennis*, 275 Md. 295, 310, 340 A.2d 225, 234 (1975);

9

o.      Maryland courts will disregard a corporate entity under one of the following three

circumstances:

> First.   Where the corporation is used as a mere shield for the
> perpetration of a fraud, the courts will disregard the fiction of
> separate corporate entity.
>
> Second.   The courts may consider a corporation as unencumbered
> by the fiction of corporate entity and deal with substance rather
> than form as though the corporation did not exist, in order to
> prevent evasion of legal obligations.
>
> Third.   Where the stockholders themselves, or a parent corporation
> owning the stock of a subsidiary corporation, fail to observe the
> corporate entity, operating the business or dealing with the
> corporation's property as if it were their own, the courts will also
> disregard the corporate entity for the protection of third persons.

*Hildreth*, 378 Md. at 734, 838 A.2d at 1210 (quoting Herbert Brune, *Maryland Corporation Law and Practice*, § 371 (1953)) (emphasis removed);

p.      Based on the well-pleaded Complaint, there is insufficient information to pierce

the corporate veil based on the third ground but there is sufficient information to pierce the veil

of Orrs' Environmental to hold Debra Sanders personally responsible based on the first and

second grounds;

q.      Debra Sanders is the sole member of Orrs' Environmental.  She negotiated and

signed the lease agreement with RSI with full knowledge that Orrs' Environmental was leasing

from RSI two pieces of equipment for a period of five years.  Ms. Sanders agreed to the terms of

the lease agreement, namely, Orrs' Environmental would pay RSI $1,553.00 monthly for leasing

equipment to be used by the Federal Bureau of Prisons and that the leased equipment was owned

by RSI.  The fact that Orrs' Environmental made one monthly payment after the delivery of the

equipment, the fact Ms. Sanders never provided an explanation for the breach of the lease

agreement despite RSI's efforts to resolve the issue of non-payment, and the fact that the

Defendants sold the leased equipment to the Federal Bureau of Prisons are indicative that the Defendants never intended to abide by the terms of the lease agreement.  These facts support a finding that Ms. Sanders used her limited liability company as a mere shield for the perpetration of a fraud;

   r.  Alternatively, RSI's well-pleaded Complaint supports piercing Orrs' Environmental's veil in order to prevent evasion of legal obligations.  Orrs' Environmental has, to date, evaded its legal obligations as outlined in the Complaint.  Not only has Orrs' Environmental failed to make the monthly payment of $1,553.00 (except on one occasion) for the leased equipment, Orrs' Environmental disposed of the leased equipment by selling the equipment to the Federal Bureau of Prisons.  The fraudulent nature of the evasion of legal obligations support piercing the veil and holding Ms. Sanders, the sole member of Orrs' Environmental, personally responsible;

   s.  RSI alleges breach of contract in Count I of its complaint.  "[O]ne who sues for the breach of contract which requires him to perform certain acts before he becomes entitled to demand that for which he sues, must allege and prove performance on his part." *Johnson & Higgins v. Simpson*, 163 Md. 574, 581, 163 A. 832, 834 (1933).  The lease agreement required Orrs' Environmental to make an initial payment; thereafter, RSI had to deliver the leased equipment and once the leased equipment was delivered, Orrs' Environmental had to pay RSI $1,553.00 monthly.  RSI has performed all of the conditions, covenants and promises required by the lease agreement.  Orrs' Environmental has breached the lease agreement by not paying RSI $1,553.00 monthly as required.  RSI has been damaged due to Orrs' Environmental's breach;

   t.  RSI alleges fraudulent misrepresentation in Count II of its complaint.  "To establish fraud, a plaintiff must prove by clear and convincing evidence that '(1) the defendant

made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.'" *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 334, 71 A.3d 30, 49 (2013) (quoting *Hoffman v. Stamper*, 385 Md. 1, 28, 867 A.2d 276, 292 (2005));

u.     From the well-pleaded Complaint it is apparent the Defendants made a false statement to RSI, namely, the request to lease equipment for a five year period to provide to a client, the Federal Bureau of Prisons.  The representation by the Defendants was false because the Defendants had no intention of paying RSI monthly for a five year period.  The Defendants misrepresented their intention of seeking leased equipment for a federal government agency so they could defraud RSI by taking possession of the leased equipment and subsequently selling that leased equipment as if the Defendants owned the equipment.  RSI relied on the Defendants' misrepresentation and had a right to do so.  "In August of 2012, Joshua Bortnick, the vice president of Plaintiff [RSI] . . . was introduced to Defendant Sanders, and the two began discussing Defendant Orr Environmental's desire to rent two (2) Marathon Digesters. . . Mr. Bortnick began what became extensive contact and correspondence with Defendant Debra Sanders."  Compl. ¶ 6.  The lease agreement was not signed until March 28, 2013.  Finally RSI suffered compensable injury due to the Defendants' misrepresentation.  RSI did not receive the monthly payment of $1,553.00 (except a one-time payment in April 2013) and further the Defendants illegally sold the leased equipment to a third party despite RSI's ownership;

v.      RSI alleges negligent misrepresentation[7] in Count III of its Complaint.   This cause of action "arises when the defendant owes a duty of care in communicating information to the plaintiff and that duty is breached, causing pecuniary or personal injury to the plaintiff." *Griesi v. Atlantic Gen. Hosp. Corp.*, 360 Md. 1, 11, 756 A.2d 548, 553 (2000).   "'[T]he most common example of the duty to speak with reasonable care is based on a business or professional relationship, or one in which there is a pecuniary interest.'"   *Id.* at 11, 756 A.2d at 553 (quoting *Giant Food, Inc. v. Ice King, Inc.*, 74 Md. App. 183, 190, 536 A.2d 1182, 1185 (1988));

w.      RSI must demonstrate the following five elements to support its claim of negligent misrepresentation:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
>
> (2) the defendant intends that his statement will be acted upon by the plaintiff;
>
> (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
>
> (4) the plaintiff, justifiably, takes action in reliance on the statement; and
>
> (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Griesi*, 360 Md. at 11, 756 A.2d at 553 (quoting *Weisman v. Connors*, 312 Md. 428, 444, 540 A.2d 783, 791 (1988) (internal citation omitted));

x.      In this case the Defendants, a limited liability company and its sole member, owing a duty to RSI, a corporation, negligently asserted a false statement to RSI, namely, that the Defendants sought to lease equipment from RSI to provide to the Federal Bureau of Prisons. The Defendants intended for RSI to rely on the Defendants' statement.   The Defendants knew that RSI would probably rely on the Defendants' statement (leasing equipment for a five year

---

[7] The undersigned finds this Count is pled in the alternative to Count II, fraudulent misrepresentation.

period), which, if erroneous, will cause loss to RSI.  Based on the Defendants' purported purpose for leasing equipment, RSI justifiably took action in reliance on the Defendants' statement.  RSI suffered damage (monthly lease payment and conversion of equipment) proximately caused by the Defendants' negligence;

y.      RSI alleges unjust enrichment in Count IV of its Complaint.  To prove its claim of unjust enrichment, RSI must show (a) a benefit conferred upon the Defendants by RSI, (b) an appreciation or knowledge by the Defendants of the benefit; and (c) the acceptance or retention by the Defendants of the benefit under such circumstances as to make it inequitable for the Defendants to retain the benefit without the payment of its value.  *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295, 936 A.2d 343, 353 (2007) (citations omitted);

z.      As outlined in RSI's well-pleaded Complaint, after an initial payment and in exchange for a fixed monthly amount, RSI leased to the Defendants equipment for a five year period and provided that equipment to the Federal Bureau of Prisons.  The Defendants knew from Addendum A to the Lease Agreement *with Option to Purchase* that "[e]quipment shall at all times during the term remain personal property, and title thereto shall remain in Lessor."  ECF No. 1-1 at 4; ECF No. 7-1 at 5.  As specified in the lease agreement the Defendants had the "option to purchase equipment at the end of said lease term for $1.00."  ECF No. 1-1 at 2; ECF No. 7-1 at 3.  That despite this knowledge the Defendants illegally sold the leased equipment to the Federal Bureau of Prisons for an unknown amount.  It would be inequitable for the Defendants to retain the benefit of the illegal sale without payment of its value to RSI;

aa.     RSI alleges conversion in Count V of its Complaint.

> Conversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind.  It is . . . any distinct act of ownership or dominion exerted by one person [*i.e.* the defendant] over the personal property of another [*i.e.* the

plaintiff] in denial of his [or her] right or inconsistent with it.  The act of ownership for conversion can occur either by initially acquiring the property or by retaining it longer than the rightful possessor [*i.e.* the plaintiff] permits.

*Dynacorp Ltd. v. Aramtel Ltd.*, 208 Md. App. 403, 494, 56 A.3d 631, 685 (2012) (citations omitted);

        bb.    As outlined in RSI's well-pleaded Complaint, the Defendants leased equipment from RSI for the use of the Federal Bureau of Prisons, knowing that RSI owned the equipment and that Defendants had the option to purchase the equipment at the end of the five year lease for $1.00.  Despite the lease agreement and Addendum A clearly and unequivocally establishing ownership of the equipment, the Defendants sold illegally RSI's equipment to the Federal Bureau of Prisons.

        Accordingly, RSI has established the joint and several liability of Defendants Orrs' Environmental and Debra Sanders.  Therefore, a default judgment as to four counts (breach of contract, fraudulent misrepresentation,[8] unjust enrichment and conversion) outlined in RSI's Complaint is proper.

## B.    Damages

        In support of its claims for damages RSI has submitted a verified[9] Motion for Entry of Default Judgment, the signed lease agreement between RSI and Orrs' Environmental, an affidavit in support of the motion for entry of default judgment (from RSI's counsel), Orrs' Environmental's Articles of Organization Guidelines, and an affidavit in support of attorney's fees (from RSI's counsel) with supporting billing records.  RSI seeks a monetary judgment of

---

[8] The undersigned finds Count III, negligent misrepresentation, is pled in the alternative to Count II, fraudulent misrepresentation.  The undersigned finds RSI's well-pleaded Complaint establishes a claim of fraudulent misrepresentation.  If the Court disagrees, then alternatively, RSI's well-pleaded Complaint establishes a claim of negligent misrepresentation.

[9] Affirmed under the penalties of perjury by RSI's vice president, Josh Bortnick.  *See* ECF No. 7 at 17.

Two Hundred Nine Thousand Seven Hundred and One Dollar ($209,701.00) consisting of Eighty-Eight Thousand Five Hundred Twenty-One Dollars ($88,521.00) in compensatory damages, One Hundred Thousand Dollars ($100,000.00) in punitive damages, Sixteen Thousand Three Hundred Forty-Five Dollars ($16,345.00) in attorney's fees, Eight Hundred Seventy-Five Dollars ($875.00) in costs, and Three Thousand Nine Hundred Sixty Dollars ($3,960.00) which are the remaining funds in an escrow for future fees and costs associated with securing judgment and collection.

### 1.    Compensatory Damages

The undersigned recommends the Court award RSI $88,521.00 as compensatory damages. This amount equals 57 monthly payments of $1,553.00. The Defendants paid the first, second and last monthly payments. Due to the Defendants' default, and in accordance with the lease agreement, RSI has the option to recover the unpaid total lease with acceleration.

### 2.    Punitive Damages

A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). There is no prohibition in the Federal Rules of an award of punitive damages in a default judgment, provided that they are sought in a plaintiff's complaint. *See, e.g., Murphy v. Islamic Rep. of Iran*, 740 F. Supp. 2d 51, 83 (D.D.C. 2010) (awarding punitive damages in a default judgment). In this case RSI seeks $100,000.00 in punitive damages against the Defendants, jointly and severally, for each of the five counts.

Punitive damages are available under Maryland law only in tort actions. *See Bowden v. Caldor, Inc.*, 350 Md. 4, 22, 710 A.2d 267, 276 (1998). Punitive damages serve to punish a defendant "for egregiously bad conduct toward the plaintiff, [and] also to deter the defendant and others contemplating similar behavior." *Id.* (internal quotation omitted). An award of punitive

damages is discretionary, *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 773-74, 752 A.2d 200, 246-47 (2000), and a number of factors must be considered in determining whether an award of punitive damages is appropriate, including the minimum amount of damages that will deter the defendant and others from similar misconduct, the proportion of punitive damages to compensatory damages, and the financial circumstances of the defendant. *See HBCU Pro Football, LLC v. New Vision Sports Properties, LLC*, No. WDQ-10-0467, 2011 WL 2038512 (D. Md. May 24, 2011).

In the case of fraud, punitive damages may be awarded where a defendant acts with "actual malice." *Frazier v. Castle Ford, Ltd.*, 430 Md. 144, 162, 59 A.3d 1016, 1026 (2013) (defining "actual malice" as "a misrepresentation [made] with intent to deceive and 'actual knowledge' of the falsity of the representation") (internal quotation omitted) (citing *Hoffman*, 385 Md. at 41-43, 867 A.2d at 300-01)).  Actual malice may be evidenced by "an element of aggravation, evidenced by malicious, deliberate, gross or wanton conduct [accompanying] the fraud." *Crawford v. Mindel*, 57 Md. App. 111, 126, 469 A.2d 454, 461 (1984) (citation omitted).

Punitive damages are not permitted in a pure breach of contract case. *Schaefer v. Miller*, 322 Md. 297, 299, 587 A.2d 491, 492 (1991).  However, "'where the tort is one arising out of a contractual relationship, actual malice is a prerequisite to the recovery of punitive damages.'" *Id.* at 301, 587 A.2d at 493 (citation omitted).  Therefore RSI is not entitled to punitive damages for Count I, breach of contract.

As for the remaining four counts, beginning with Count V, "[t]here can be no doubt in Maryland that under proper circumstances there can be punitive damages in a suit for conversion." *Siegman v. Equitable Trust Co.*, 267 Md. 309, 314, 297 A.2d 758, 761 (1972). Count IV, unjust enrichment, is a claim in equity.  "'A person who receives a benefit by reasons

of an infringement of another person's interest, or of loss suffered by the other, owes restitution to him in the manner and amount necessary to prevent unjust enrichment.'" *Cross Country Settlements*, 402 Md. at 296, 936 A.2d at 352 (quoting *Berry & Gould, P.A. v. Berry*, 360 Md. 142, 151, 757 A.2d 108, 113 (2000) (internal quotation omitted)). "'The restitution claim . . . is not aimed at compensating the plaintiff, but at forcing the defendant to disgorge benefits that it would be unjust for him to keep.'" *Id.* at 296, 936 A.2d at 352 (quoting *Mass Transit Admin. v. Granite Const. Co.*, 57 Md. App. 766, 775, 471 A.2d 1121, 1126 (1984)). Because an equitable claim such as unjust enrichment seeks a remedy other than damages, the civil penalty of punitive damages is not an available remedy. RSI thus is not entitled to punitive damages for Count IV, unjust enrichment.

Count III, negligent misrepresentation,[10] is a claim sounding in tort which lacks the *mens rea* to support an award of punitive damages. In other words, the Defendants <u>negligently</u> asserting a false statement to RSI is not the same as the Defendants intentionally, with malice or with evil motive making a false statement. "Maryland cases concerning fraud or deceit have typically involved the form of the tort which is characterized by the defendant's deliberate deception of the plaintiff by means of a representation which he knows to be false. We believe that the defendant's actual knowledge of falsity, coupled with his intent to deceive the plaintiff by means of a false statement, constitutes the actual malice required to support an award of punitive damages." *Ellerin v. Fairfax Savings, F.S.B.*, 337 Md. 216, 234, 652 A.2d 1117, 1126 (1995). Hence punitive damages are not available to RSI for Count III, negligent misrepresentation.

RSI is entitled to an award of punitive damages for Count II, fraudulent misrepresentation. The Defendants made false representations to RSI as pled in the Complaint.

---

[10] The undersigned finds this Count is pled in the alternative to Count II, fraudulent misrepresentation.

> The falsity of the representations was known to Defendant Orr Environmental at the time the representations were made. When the Defendant Orr Environmental entered into the Lease Agreement with Plaintiff [RSI], it represented that it could meet and uphold the obligations contained therein and that it would abide by the terms contained therein. These misrepresentations include, but are not limited to, the Defendant's ability to make monthly lease payments and the representation that Defendant Orr Environmental acknowledged and agreed that title of the equipment was to remain the Plaintiff's during the term of the lease. The misrepresentations were made for the purpose of defrauding [RSI].

Compl. ¶ 16.

Having determined that RSI may receive punitive damages for its claims of fraudulent misrepresentation and conversion, the amount of punitive damages sought is now considered. The requested amount, $100,000.00, is very proportional to the compensatory damages, $88,521.00. An award of $100,000.00, less than 1.2 times the compensatory award, is appropriate and is sufficient to deter the Defendants and others from engaging in such fraudulent conduct in the future. The undersigned lacks information about the financial circumstances of the Defendants and thus has no basis to opine regarding the impact of such a punitive award on the Defendants.

### 3.    Attorney's Fees & Costs

The undersigned has reviewed the hourly rate charged by Spencer M. Hecht, Esquire of Hecht & Associates, LLC. Mr. Hecht has practiced law for approximately twelve years. His hourly rate of $300.00 is reasonable and within the guidelines of Appendix B to this court's Local Rules for an attorney admitted to the bar for nine (9) to fourteen (14) years. The billing records reflect some work performed by a paralegal. The hourly rate of $150.00 is reasonable and within the guidelines of Appendix B to this court's Local Rules for paralegals and law clerks. The undersigned finds the expenses incurred in attempts to collect and enforce the lease

agreement, such as the filing fee and the service of the summons, are necessary and reasonable. The billing records reflect that the requested attorney's fees and expenses have been paid to Mr. Hecht by RSI.  Finally, in his Affidavit in Support of Attorney's Fees, Mr. Hecht discloses that $3,960.00 "remains in escrow for future fees and costs associated with securing judgment and collection."  ECF No. 7-4 at 2 ¶ 4.

The undersigned recommends the Court award, as necessary and reasonable expenses associated with the enforcement and collection of the lease agreement, to RSI: (a) Sixteen Thousand Three Hundred Forty-Five Dollars ($16,345.00) in attorney's fees, (b) Eight Hundred Seventy-Five Dollars ($875.00) in costs and (c) Three Thousand Nine Hundred Sixty Dollars ($3,960.00) in escrow for future fees and costs associated with securing judgment and collection, or a total amount of Twenty-One Thousand One Hundred Eighty Dollars ($21,180.00) for attorney's fees and expenses.

### 4.    Interest

RSI seeks pre-judgment interest as well as post-judgment interest.  "[A]ny prejudgment interest which is awarded should be at the rate of 6% per annum.  Art. III, § 57 of the Constitution of Maryland provides:

> The Legal Rate of Interest shall be *Six per cent, per annum*; unless otherwise provided by the General Assembly."

*First Virginia Bank v. Settles*, 322 Md. 555, 566, 588 A.2d 803, 808 (1991).

As for post-judgment interest, it shall be allowed on money judgments in civil cases recovered in a district court.  The method of calculation is described in 28 U.S.C. § 1961(a) which states in pertinent part:

> [I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of

20

> the Federal Reserve System, for the calendar week preceding the
> date of the judgment.

RSI asserts the post-judgment interest rate shall be the applicable state statutory rate which is 10 percent per annum in Maryland.  *See* ECF No. 7 at 17.  RSI suggests that section 1961 of Title 28 directs such a conclusion.  *Id.*  This assertion is contrary to the plain reading of section 1961 as quoted *supra*.  The last sentence of section 1961(a) states "[t]he Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges."

The undersigned recommends the Court award RSI pre-judgment interest at a rate of six percent (6%) per annum.  The undersigned further recommends the Court award RSI post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, which shall continue to accrue on the judgment until satisfied by Defendants Orrs' Environmental and Debra Sanders.

## RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiff's Motion for Entry of Default Judgment (ECF No. 7);

(b) The Court award Plaintiff, and against Defendants Orrs' Environmental and Debra Sanders, jointly and severally, $88,521.00 in compensatory damages;

(c) The Court award Plaintiff, and against Defendants Orrs' Environmental and Debra Sanders, jointly and severally, $100,000.00 in punitive damages;

(d) The Court award Plaintiff, and against Defendants Orrs' Environmental and Debra Sanders, jointly and severally, $21,180.00 as reasonable attorneys' fees and costs;

(e) The Court award Plaintiff, and against Defendants Orrs' Environmental and Debra Sanders, jointly and severally, pre-judgment interest at a rate of six percent (6%) per annum;

(f) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, continue to accrue on the judgment until satisfied by Defendants Orrs' Environmental and Debra Sanders, jointly and severally; and

(g) The Court grant any other and further relief as it deems appropriate.

June 26, 2015                                    _____/s/_____
                                                        WILLIAM CONNELLY
                                                        UNITED STATES MAGISTRATE JUDGE